NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0003n.06
Filed: January 2, 2008

## No. 06-4461

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CHARLES A. ZERMAN JR.; CHRISTOPHER J. NEIBERDING; NEIL P. ROZMAN, | ) ) ) | |
| *Plaintiffs-Appellees*, | ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| CITY OF STRONGSVILLE, OHIO, | ) ) | |
| *Defendant* | ) | **O P I N I O N** |
| and | ) ) | |
| PAUL HANEY, named in his individual and official capacities, | ) ) ) ) | |
| *Defendant-Appellant*. | | |

BEFORE: MERRITT, COLE, and GRIFFIN, Circuit Judges.

**R. GUY COLE, JR.** Plaintiffs-Appellees, firefighters for the City of Strongsville, brought a § 1983 action against Defendants, City of Strongsville and Fire Chief Paul Haney, for alleged retaliation in violation of their First Amendment rights of freedom of association, freedom of speech, and the right to petition the government for redress. Specifically, Plaintiffs-Appellees claim that Defendants wrongfully passed them over for a promotion because of their union activities, their complaints and discussions about certain Fire Department policies and practices, and their endorsement of a Strongsville mayoral candidate. Additionally, Plaintiffs-Appellees claim that

following the denial of the promotion, they were subjected to retaliation after their union filed an unfair labor practice charge based on the Fire Department's promotion process.

Fire Chief Haney moved for summary judgement based on the affirmative defense of qualified immunity. The district court concluded that Haney is not entitled to the defense because (1) Plaintiffs-Appellees' First Amendment rights were clearly established at the time they were passed over for promotion, and (2) there are genuine issues of material fact as to whether such adverse action was motivated, at least in part, by Plaintiff-Appellees' exercise of their clearly established constitutional rights. Haney now brings this interlocutory appeal asking us to reverse the district court's conclusion. He claims that he is entitled to qualified immunity as a matter of law because Plaintiffs-Appellees' activities are not protected by the First Amendment, they did not experience an adverse action, and in the alternative, the law is not established clearly so that a reasonable public official would know that such activities constitute a First Amendment violation.

Although "[a] denial of summary judgment is generally not a final judgment" appealable to this Court, a denial of summary judgment "may be appealed as [a] collateral order[] where (1) the defendant is a public official asserting the defense of qualified immunity, and (2) the issue appealed concerns not which facts the parties might be able to prove but whether certain alleged facts reflect a violation of clearly established law." *Hoover v. Radabaugh*, 307 F.3d 460, 465 (6th Cir. 2002); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Where there is disagreement about the facts on appeal, we must view the evidence in the light most favorable to the plaintiff, taking all inferences in his favor. *Swiecicki v. Delgado*, 463 F.3d 489, 497 (6th Cir. 2006) (citing *Champion v. Outloook Nashville Inc.*, 380 F.3d 893, 900 (6th Cir. 2004)). Therefore, on appeal, Haney is limited to

challenging the district court's legal conclusions and cannot relitigate factual issues.

Applying a de novo standard of review, as we must, *Williams v. Mehra*, 186 F.3d 685, 689 (6th Cir. 1999) (en banc), we conclude that the district court's well-reasoned opinion supports the denial of qualified immunity and that the issuance of a detailed written opinion from this Court would be repetitious. Accordingly, the judgment rendered by the Honorable Kathleen McDonald O'Malley is affirmed on the basis of the reasoning set forth in the September 28, 2006 opinion and order.